O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On December 21, 2010, Fleetwood RV, Inc. ("AIP") filed its Notice of Appeal from the Bankruptcy Court's December 16, 2009 Order Granting Fleetwood Enterprises, Inc.'s ("Debtors") Motion to Determine Issues Subject to ADR.  *See* December 16 Order, Ex. D to Motion.  ("Debtors" reflects that Fleetwood Enterprises was understood to include affiliates.)  On February 12, 2010, AIP filed this motion to stay execution of the December 16 Order pending the resolution of this bankruptcy appeal.  Specifically, AIP wants to delay the commencement of the ordered arbitration between the parties because it believes that the record that the Bankruptcy Court ordered to be submitted to the arbitrators is incomplete.  The Court held a hearing on the motion to stay on March 15, 2010.  For the following reasons, the Court DENIES the motion.[1]

## II.   FACTUAL BACKGROUND

The dispute between AIP and Debtors arises out of an Asset Purchase Agreement ("APA") entered between the parties on May 29, 2009, after Debtors had filed for chapter 11 bankruptcy in March 2009, whereby AIP agreed to purchase substantially all of the Debtors' assets related to the recreational vehicle business (the "RV Assets").  Ex. A to Motion.  On May 29, 2009, the Bankruptcy Court entered an order approving the sale under the APA (the "Sale Order").  Ex. B to Motion.  The sale price was $53 million, including $2 million that was placed in escrow in the event of a post-closing purchase

---

[1] Docket No. 10.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

price adjustment pursuant to section 1.6 of the APA.  APA, Ex. A to Motion, at 38. Section 1.6 sets forth the specific procedure for post-closing price adjustments, requiring AIP to submit a Post-Closing Statement within 30 days of the closing, § 1.6(a), providing the Debtors an opportunity to file any objections to the Post-Closing Statement within another 30 days, § 1.6(b), and reconciling any dispute between the Post-Closing Statement and the Debtors' objections through an arbitration whereby the Reviewing Accountants must accept either the amount proposed by AIP or the amount proposed by the Debtors, § 1.6(c).

AIP submitted its Post-Closing Statement to the Debtors on August 13, 2009. December 16 Order.  Ex. C at 148.  On September 21, 2009, the Debtors submitted their Objection to AIP's Post-Closing Statement.  Ex. C at 188.  AIP calls the Court's attention to two statements in the Objection.  First, the Debtors stated, "Seller's assessment of Buyer's Post-Closing Statement and alleged adjustments to the Estimated Purchase Price is ongoing, and Seller reserves the right to amend its objections." Ex. C at 189.  Second, Debtors stated,

> In accordance with Section 1.6(b) of the Purchase Agreement, Seller acknowledges the next step is to collaborate with Buyer and mutually agree upon the determination of the Final Post-Closing Statement and the Final Purchase Price.  We are willing to discuss and resolve these disputed adjustments at your earliest possible convenience.

Ex. C at 204.  AIP asserts that these statements constituted a waiver of the strict procedures set forth in section 1.6 and gave AIP a right to submit a Revised Post-Closing Statement.  It then submitted a Revised Post-Closing Statement (not provided for in the APA) to Debtors, on October 14, 2009.  Ex. C at 208.

On November 9, 2009, Debtors filed a Motion for an Order Determining Issues Subject to ADR.  Ex. C to Motion.  The Debtors wanted the Original Post-Closing Statement and their Objections to be the two proposals submitted to the Reviewing Accountants for arbitration, whereas AIP wanted the Objections and the *Revised* Post-Closing Statement submitted.  On November 24, 2009, the Bankruptcy Court held a hearing on the Debtors' motion and ruled in their favor.  *See* Transcript of Hearing, Ex. F to Motion.  On December 16, 2009, the Bankruptcy Court entered its order in favor of the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

Debtors. Ex. D. The Bankruptcy Court found that the Post-Closing Statement that is to be submitted to the Reviewing Accountants is the August 13 Statement without any modifications, and that the parties did not waive or modify the agreement to allow for another result. Ex. D at ¶¶ 11-14, 16.

On December 21, 2009, AIP filed its Notice of Appeal in the Bankruptcy Court and a motion in the Bankruptcy Court to stay operation of the December 16 Order. Motion at 4. On January 21, 2010, after a hearing held on January 13, 2010, the Bankruptcy Court denied AIP's request for a stay of the December 16 Order. Ex. E to Motion. The Bankruptcy Court found that AIP had failed to establish that it had a strong likelihood of prevailing on appeal, that it would suffer irreparable harm if a stay were not issued, and that the Debtors and their creditors would not suffer significant harm if a stay were issued. Ex. E at ¶ 2.

## III. LEGAL STANDARD

Federal Rule of Bankruptcy 8005 provides that a bankruptcy court has discretion to grant a stay of its judgment, order, or decree. When deciding whether to grant such a stay, the court should examine four factors: (1) whether the appellant is likely to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury absent a stay; (3) whether substantial harm will come to the appellee from granting a stay; and (4) whether the stay will do harm to the public interest. *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980); *In re Dimas, LLC*, 2008 WL 220131, at *2 (N.D. Cal. Jan. 25, 2008). AIP insists that the standard of review of a denial of a stay is *de novo*, but that is not correct; review of a legal ruling is *de novo*, but when the district court acts as an appellate court reviewing a discretionary ruling, it "simply determines whether the trial court abused its discretion." *In re Wymer*, 5 B.R. at 807; *In re Dimas*, 2008 WL 220131, at * 2.

## IV. DISCUSSION

AIP has not met its burden of showing that the Bankruptcy Court abused its discretion in denying AIP's request for a stay. *See* Order Denying Stay, Ex. E. The Bankruptcy Court's found that AIP had failed to establish a strong likelihood of prevailing on appeal, irreparable harm absent a stay, and a lack of significant harm to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

Debtors and their creditors if a stay issued and it denied AIP's request for a stay on that basis. Ex. E at ¶ 2. These findings are reasonable and grounded in the facts.

### A.   Likelihood of Prevailing on Appeal

The Bankruptcy Court's determination that AIP had failed to establish a strong likelihood of prevailing on appeal was reasonable. AIP's arguments that the Bankruptcy Court had no jurisdiction to resolve the motion at issue and that the parties are not limited to the Post-Closing Statement and Objections by the agreement seem to rest on tortured interpretations of the APA. *See* Motion at 14-18. The Court need not fully resolve these issues now—that is a matter for the appeal—but AIP has not shown that the Bankruptcy Court's holdings on these issues are likely to be overturned. The APA clearly specifies the procedure for a post-closing adjustment of purchase price, with clear deadlines for AIP's submission of a Post-Closing Statement and the Debtors' Objections. Ex. A §§ 1.6(a)-(b). The Bankruptcy Court's findings regarding the requirements in the APA seem reasonable. The Bankruptcy Court's finding that the written submissions to be presented to the Reviewing Accountants are limited to the Post-Closing Statement and the Debtors' Objections is supported by section 1.6(a)-(c) of the APA. *See* Ex. D ¶ 16.

Nor has AIP established that the Bankruptcy Court is likely to be reversed in its findings that the parties had not waived or modified the provisions of the APA. Ex. D ¶¶ 11-14. AIP argues that the Bankruptcy Court erred in finding that the Debtors' statements in the Objections about reserving a right to amend the objections and working with API to resolve the disputes did not constitute waiver. *See* Ex. C at 189 & 204. The Bankruptcy Court's holding that this statement was not a waiver seems reasonable in light of section 1.6(b), which contemplates negotiation between the parties before an arbitration takes place. That section states, in part,

> If [Debtors'] calculation of the final Purchase Price is not within $400,000 of [AIP's] calculation, and the parties are unable to agree on the Post-Closing Statement within thirty (30) days (which may be extended by the mutual agreement of [AIP] and [Debtors]) of the date the Purchaser delivers the proposed Post-Closing Statement to [Debtors], the disputed items of the Post-Closing Statement shall be determined, with the cooperation of [AIP] and [Debtors], by the Reviewing Accountants;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

> *provided that any settlement negotiations will not be discoverable by or communicated to the Reviewing Accountants.*

Ex. A. § 1.6(b) (emphasis added). This provision seems to specifically allow for ongoing negotiation between the parties that would not be discoverable by the arbitrators. Thus, AIP has not established that the Bankruptcy Court's finding that the Debtors' statements did not constitute waiver is likely to be found erroneous.

### B.  Irreparable Harm Absent a Stay

Though it has presented some tenable arguments in its favor, AIP has not established that the Bankruptcy Court erred in finding that it had failed to establish that it would be irreparably harmed absent a stay. Moreover, the evidence AIP has presented on this factor does not justify granting a stay, given the weak showing on likelihood of success on the merits of the appeal.

AIP argues that once the dispute is presented to the Reviewing Accountant arbitrators, their decision will be final, so the appeal will be mooted. *See* APA, Ex. A, § 1.6(c). However, Debtors have offered several cases that have found that "the risk that an appeal may become moot does not, standing alone, constitute irreparable injury." *In re Convenience USA, Inc.*, 290 B.R. 558, 563 (Bankr. M.D.N.C. 2003) (compiling cases on the issue and finding that, although courts have split on the topic, most have found that the risk of mootness alone is not irreparable injury). The one case that AIP cites does not even support its position. *See In re Pacific Gas & Electric Co.*, 2002 WL 32071634, at *2 (Nov. 14, 2002). Although it notes that a movant could justify a stay by "mak[ing] apparent to the court the imminent danger that the issues [it] seek[s] to raise on appeal will become moot," the court did not find that the risk of mootness warranted a stay there. *Id.*

Though the arbitration will go forward in the absence of a stay, AIP has not explained why its entire appeal will be mooted, as it could still be entitled to monetary damages from Debtors, and this is a monetary dispute at heart. Debtors cite to several cases—unchallenged by AIP—holding that the threat of monetary damage alone does not constitute irreparable harm where an injury can be addressed later on by a damages award. *See, e.g.*, *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*,

Case 5:10-cv-00114-AHM Document 20 Filed 03/15/10 Page 6 of 7 Page ID #:1346

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

AIP's showing does not demonstrate that the Bankruptcy Court erred in finding that it had failed to establish irreparable harm in the absence of a stay.

### C. Harm to Debtors from a Stay

AIP has not shown that the Bankruptcy Court erred in its finding that AIP had failed to establish that the Debtors and their creditors would not suffer significant harm from a stay. AIP argues that it has already paid the full purchase price, the remainder of which is held in escrow. AIP also argues that the Debtors have not yet finalized a plan for their bankruptcy reorganization, so a stay of the December 16 Order would not unduly delay the bankruptcy. Motion at 21. However, this argument ignores the fact that the Debtors recently filed their proposed reorganization plan on March 3, 2010, as they represented at the hearing, and the appeals process could take many months, even years, during which time the Debtors would likely be unable to confirm the bankruptcy plan, and their unsecured creditors would suffer. Opp'n at 15-17. AIP has failed to show that the Bankruptcy Court's finding as to potential harm to the Debtors was erroneous.

### D. Harm to the Public Interest

The Bankruptcy Court did not make a finding on this factor (at least in the written order). *See* Ex. E. However, AIP's arguments on this point are weak and do not counteract the findings on the other prongs. AIP argues that the public interest is best served by enforcing the APA and court orders as written, but enforcing the APA and court orders as written weighs toward upholding the Bankruptcy Court's December 16 Order. *See* Motion at 21. The Debtors point out that the additional public interest of maximizing assets for bankruptcy creditors weighs against granting the stay. *See* Opp'n at 17; *Bank of America National Trust and Savings Association v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 453 (1999) (noting that "maximizing property available to satisfy creditors" is a "recognized polic[y] underlying Chapter 11"). This factor does not support granting a stay of the Bankruptcy Court's December 16 Order.

### V. CONCLUSION

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0114 AHM (6:09-14254-MJ) | Date | March 15, 2010 |
|---|---|---|---|
| Title | In re FLEETWOOD ENTERPRISES, INC. | | |

    For the foregoing reasons, the Court DENIES AIP's motion to stay the execution of the Bankruptcy Court's December 16, 2009 Order pending resolution of the appeal.

                                                                           :

Initials of Preparer     se